**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ALEXANDRE PINKSTON, | Case No. CV 15-00270-PA (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| FACILITY CAPTAIN SEAN MOORE, et al., | |
| Defendants. | |

Plaintiff Michael Alexandre Pinkston has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

**STANDARD OF REVIEW**

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of

sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).

In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks

omitted).

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**DISCUSSION**

**THE COMPLAINT MUST BE DISMISSED FOR FAILING TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8**

Federal Rule of Civil Procedure 8(a) ("Rule 8") requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 555 n.3. Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Here, Plaintiff has filed a complaint, along with multiple

declarations, attachments and exhibits, which comprise a total of 165 pages.[1] ECF Docket No. ("dkt.") 1.  The pages "consist[] largely of immaterial background information," thus, warranting dismissal under Rule 8.  See McHenry, 84 F.3d at 1177.  In fact, the Complaint contains so many irrelevant details that it is difficult for the Court to determine the exact nature of Plaintiff's claims.  As such, the Complaint fails to comply with Rule 8's requirement of a "short and plain statement of the claim" and fails to provide defendants sufficient notice as to the claim against which they must defend.  See also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes"); Little v. Baca, No. CV 13-0373 PA (RZ), 2013 WL 436018, at *1-2 (C.D. Cal. Feb. 1, 2013) (dismissing under Rule 8, a complaint "so lengthy and given over to tangents, minute details, matters that are self-evidently opinion, speechifying and other clutter that it is neither 'short' nor 'plain'").  Thus, the Complaint must be dismissed for failing to comply with Rule 8.

However, because it is unclear whether the Complaint can be cured by amendment, the Court grants Plaintiff leave to amend.

---

[1] Much of Plaintiff's complaint and "supporting" attachments appear to be an attempt at "proving" whatever allegation Plaintiff purports to make.  Plaintiff is reminded he need only provide a "short and plain" statement of his claim pursuant to Rule 8.  Plaintiff need not provide the "evidence" upon which he ultimately intends to rely at this stage of the proceeding.

In amending the Complaint, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and <u>briefly</u> the legal basis and the facts underlying it.  See <u>Bautista v. L.A. Cnty.</u>, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.").  Lengthy, rambling pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based" remain subject to dismissal.  <u>Little</u>, 2013 WL 436018, at *3.

**ORDER**

If Plaintiff desires to pursue any of the claims in his Complaint, he is ORDERED to file a First Amended Complaint ("FAC") no later than **April 15, 2015**, remedying the deficiencies discussed above.  The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the FAC or any other pleading, attachment, or document.

The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a FAC if he elects to proceed with this action; **Plaintiff is encouraged to utilize that form, omitting argument and irrelevant facts**.

///

**Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: March 25, 2015

_____
HON. KENLY KIYA KATO
U.S. MAGISTRATE JUDGE